UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

SHONTAY LOFTIN, individually, and on behalf of her minor child, J.L., and TANYA LOFTIN,

                                     Plaintiffs,

-against-

THE CITY OF NEW YORK, POLICE OFFICER JAMES PRIORE (tax # 955346), POLICE OFFICER JAVIER MORA (tax # 957870), POLICE OFFICER MANNY SHARMA (shield # 31876),  POLICE OFFICER THOMAS KAMINSKI (shield # 4071), JOHN DOES 1-3,

                                     Defendants.

**SECOND AMENDED COMPLAINT**

15 CV 5656 (MKB) (JO)

Jury Trial Demanded

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which the plaintiffs allege that the City of New York and several New York City Police Officers of the 75th Precinct and Patrol Borough Brooklyn North violated their rights under 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution by falsely arresting them, using unreasonable force on them and fabricating evidence against them.  Plaintiffs also assert claims of false arrest, false imprisonment, assault, battery and vicarious liability under New York state law.  Plaintiffs seek compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.    This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Plaintiffs invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide their New York state law claims of false arrest, false imprisonment, assault, battery and vicarious liability which form part of the same case and controversy as plaintiffs' federal claims under Article III of the United States Constitution.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York is located in this District and because the incident in question occurred in this District.

## JURY TRIAL

5. Pursuant to Fed. R. Civ. P. 38, plaintiffs demand a jury trial.

## NOTICE OF CLAIM

6. In connection with plaintiffs' claims of false arrest, false imprisonment, assault, battery and vicarious liability brought pursuant to New York state law, notices of claim were duly filed with the City of New York within 90 days of the incident at issue, more than 30 days have elapsed since such filings, and the City has not offered to settle plaintiffs' state law claims.

7. This action is brought within one year and 90 days of the incident at issue.

## PARTIES

8. Plaintiffs are residents of the State of New York, County of Kings.

9. The City of New York is a municipal corporation organized under the laws of the State of New York.

10. The individual defendants are members of the NYPD. The individual defendants acted under color of state law and within the scope of their employment as members

of the NYPD at all relevant times herein. The individual defendants are sued in their individual capacities.

## STATEMENT OF FACTS

11. Plaintiffs Shontay Loftin and her 17-year old son J.L. reside in Brooklyn. Neither of these plaintiffs has a criminal record and Shontay Loftin has been employed by the United States Postal Service for 19 years. Plaintiff Tanya Loftin is Shontay's sister and J.L.'s aunt and has been employed by the United States Postal Service for 9 years.

12. On August 7, 2015, at approximately 6:25 p.m., in the vicinity of 784 Belmont Avenue in Brooklyn, plaintiffs were falsely arrested by several NYPD officers including, but not limited to, Officers James Priore, Javier Mora, Manny Sharma and Thomas Kaminski ("defendants").

13. The arrests arose out of a verbal dispute, during which the plaintiffs acted lawfully at all times. The defendants arrested Shontay Loftin merely because she had questioned the officers' actions in arresting Tanya Loftin, instead of the individuals who had assaulted Shontay's other son, Dwayne Loftin, earlier in the day. The defendants arrested Tanya Loftin merely because she had questioned the officers' actions in not arresting the individuals who had assaulted her nephew Dwayne Loftin. The defendants arrested J.L. merely because he had a verbal dispute with one of the individuals who had assaulted his brother Dwayne. At no time did any of the plaintiffs engage in conduct that violated the New York Penal Law.

14. Although Shontay Loftin was compliant and did not resist arrest, at least one defendant, while the other defendants watched, unnecessarily and maliciously twisted Loftin's arm while arresting her. Although Tanya Loftin was compliant and did not resist arrest,

at least one defendant, while the other defendants watched, unnecessarily and maliciously handcuffed Loftin excessively tight, causing bruising, and refused to loosen the cuffs.

15. After placing plaintiffs under arrest, the defendants took plaintiffs to the 75th Precinct and falsely charged them with committing several offenses.

16. On August 8, 2015, at approximately 2:30 a.m., Shontay and Tanya Loftin was taken to Brooklyn Central Booking to await arraignment.

17. On August 8, 2015, at approximately 11:30 a.m., J.L. was taken to Brooklyn Central Booking to await arraignment.

18. While plaintiffs were incarcerated in Central Booking, the defendants, acting in concert, misrepresented to the Kings County District Attorney's Office that Shontay Loftin and J.L. fought with unapprehended others and interfered with the arrest of Tanya Loftin, and that Tanya fought with unapprehended others and struck Officer Mora with a scooter.

19. In furtherance of having plaintiffs prosecuted, Officer Priore, with the approval of the other defendants, signed a criminal court complaint that falsely charged Shontay Loftin and J.L. with disorderly conduct and obstruction of governmental administration, and falsely charged Tanya Loftin with assault in the third degree, reckless endangerment in the second degree and disorderly conduct.

20. Shontay Loftin was arraigned in Criminal Court, Kings County, on August 8, 2015, approximately 6:00 p.m., at which time the charges were adjourned in contemplation of dismissal.

21. J.L. was arraigned in Criminal Court, Kings County, on August 8, 2015, approximately 8:00 p.m., at which time the charges were adjourned in contemplation of dismissal.

22. Tanya Loftin was arraigned in Criminal Court, Kings County, on August 8, 2015, approximately 4:00 p.m., at which time the case was adjourned. On October 22, 2015, the charges were adjourned in contemplation of dismissal.

23. Defendants' illegal conduct caused plaintiffs to suffer a loss of liberty, emotional distress, fear, anxiety, humiliation, embarrassment and damage to their reputations. Shontay Loftin also suffered pain and injury, including soreness and swelling, and Tanya Loftin suffered pain and bruising.

## FIRST CLAIM

## (§ 1983; FALSE ARREST)

(Against All Defendants)

24. Plaintiffs repeat the foregoing allegations.

25. Defendants, acting under color of state law, arrested and imprisoned plaintiffs without legal justification or probable cause in violation of § 1983 and the Fourth Amendment.

26. Defendants intended to confine the plaintiffs, plaintiff were conscious of their confinement, plaintiffs did not consent to their confinement, and plaintiffs' confinement was not privileged or lawful.

27. Defendants' conduct caused plaintiffs to suffer various personal injuries, including the injuries described herein.

28. As a result of the foregoing, plaintiffs are entitled to compensatory and punitive damages in an amount to be determined at trial.

## SECOND CLAIM

### (§ 1983; UNREASONABLE FORCE)

(Against All Defendants)

29. Plaintiffs repeat the foregoing allegations.

30. Defendants, acting under color of state law, used force upon Shontay and Tanya Loftin which was objectively unreasonable in violation of § 1983 and the Fourth Amendment.

31. Defendants' conduct caused Shontay and Tanya Loftin to suffer various personal injuries, including the injuries described herein.

32. As a result of the foregoing, Shontay and Tanya Loftin are entitled to compensatory and punitive damages in an amount to be determined at trial.

## THIRD CLAIM

### (§ 1983; FABRICATION OF EVIDECE)

(Against All Defendants)

33. Plaintiff repeats the foregoing allegations.

34. Defendants, acting under color of state law, maliciously misrepresented to prosecutors that plaintiffs had violated the law in violation of § 1983, the Fair Trial Clause of the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment.

35. Defendants' conduct caused plaintiffs to suffer various personal injuries, including the injuries described herein.

36. As a result of the foregoing, plaintiffs are entitled to compensatory and punitive damages in an amount to be determined at trial.

## FOURTH CLAIM

### (§ 1983; FAILURE TO INTERVENE)

(Against All Defendants)

37. Plaintiffs repeat the foregoing allegations.

38. Defendants, while acting under color of state law, had a reasonable opportunity to prevent the violations of plaintiffs' constitutional rights under the Fourth, Sixth and Fourteenth Amendments, but they failed to fulfill their constitutional obligation to intervene.

39. Defendants' conduct caused plaintiffs to suffer various personal injuries, including the injuries described herein.

40. As a result of the foregoing, plaintiffs are entitled to compensatory and punitive damages in an amount to be determined at trial.

## FIFTH CLAIM

### (§ 1983; MUNICIPAL LIABILITY)

(Against the City of New York)

41. Plaintiffs repeat the foregoing allegations.

42. The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

43. The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiffs.

44. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct, and/or have been inadequately trained.

45. Despite having the aforesaid knowledge, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly investigate prior allegations of police misconduct made against the defendants and other officers and failed to properly train, retrain, supervise, discipline and monitor the defendants and other officers like them.

46. The City of New York's failure to act resulted in the violation of plaintiffs' constitutional rights as described herein.

47. The City's conduct caused plaintiffs to suffer various personal injuries, including the injuries described herein.

48. As a result of the foregoing, plaintiffs are entitled to compensatory and punitive damages in an amount to be determined at trial.

## SIXTH CLAIM

## (FALSE ARREST/FALSE IMPRISONMENT UNDER NEW YORK LAW)

(Against All Defendants)

49. Plaintiffs repeat the foregoing allegations.

50. Defendants, acting within the scope of their employment as members of the NYPD, arrested and imprisoned plaintiffs without legal justification or probable cause.

51. Defendants intended to confine the plaintiffs, plaintiffs were conscious of their confinement, plaintiffs did not consent to their confinement, and plaintiffs' confinement was not privileged or lawful.

52. Because the individual defendants were acting within the scope of their employment when they falsely arrested and imprisoned plaintiffs, the City of New York is vicariously liable to plaintiffs.

53. Defendants' conduct caused plaintiffs to suffer various personal injuries, including the injuries described herein.

54. As a result of the foregoing, plaintiffs are entitled to compensatory and punitive damages in an amount to be determined at trial.

## SEVENTH CLAIM

### (ASSAULT UNDER NEW YORK LAW)

(Against All Defendants)

55. Plaintiffs repeat the foregoing allegations.

56. Defendants, acting within the scope of their employment as members of the NYPD, placed Shontay and Tanya Loftin in fear of imminent harmful and offensive physical contacts which injured them.

57. Because the individual defendants were acting within the scope of their employment when they assaulted Shontay and Tanya Loftin, the City of New York is vicariously liable to both plaintiffs.

58. Defendants' conduct caused Shontay and Tanya Loftin to suffer various personal injuries, including the injuries described herein.

59. As a result of the foregoing, Shontay and Tanya Loftin are entitled to compensatory and punitive damages in an amount to be determined at trial.

## EIGHTH CLAIM

### (BATTERY UNDER NEW YORK LAW)

(Against All Defendants)

60. Plaintiffs repeat the foregoing allegations.

61. Defendants, acting within the scope of their employment as members of the NYPD, made offensive and nonconsensual physical contact with Shontay and Tanya Loftin which injured them.

62. Because the individual defendants were acting within the scope of their employment when they battered Shontay and Tanya Loftin, the City of New York is vicariously liable to both plaintiffs.

63. Defendants' conduct caused Shontay and Tanya Loftin to suffer various personal injuries, including the injuries described herein.

64. As a result of the foregoing, Shontay and Tanya Loftin are entitled to compensatory and punitive damages in an amount to be determined at trial.

WHEREFORE, plaintiffs request the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Attorney's fees and costs;

d. Such other and further relief as the Court may deem just and proper.

DATED: January 23, 2016

_____/s/_____
RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391